**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Integra Bank National Association, | : | Case No. 3:09 CV 00547 |
| Plaintiff, | : | |
| v. | : | |
| 3700 Williston Northwood S & B, et al., | : | **MAGISTRATE'S REPORT & RECOMMENDATION** |
| Defendants. | : | |

This foreclosure action was referred to the undersigned Magistrate for report and recommendation. Pending for resolution by the Court is a Motion for Summary Judgment filed by Plaintiff (Docket No. 35), Defendant 3700 Williston Northwood S &B, LLC's (Northwood) Opposition (Docket No. 42) and Plaintiff's Reply (Docket No. 43). For the reasons that follow, the Magistrate recommends that the Court grant the Motion for Summary Judgment.

**I. JURISDICTION.**

Foreclosure actions are brought to federal court based upon the federal court having jurisdiction pursuant to 28 U.S.C. § 1332. To invoke diversity jurisdiction, a plaintiff must show that there is complete diversity of citizenship of the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (Thomson Reuters 2010). In this case, the parties are residents of and/or have their principal place of business in Indiana, Ohio and California. The amount in controversy exceeds $5,000,000.00. This Court

has jurisdiction.

## II. THE PARTIES.

1. Plaintiff is a commercial lending specialist located in Evanston, Indiana (Docket No. 1, ¶ 1).

2. Defendant Northwood is a domestic limited liability company organized under the laws of the State of Ohio with its principal place of business in Los Altos, California (Docket No. 1, ¶ 2, p. 2 of 32). 3. Defendant Andrew Lewis, Defendant Northwood's manager, resides in Santa Clara County, California (Docket No. 1, ¶ 3).

4. Defendant Jill Engle is the Treasurer of Wood County, Ohio (Docket No. 1, ¶ 8).

## III. FACTUAL BACKGROUND.

On or about May 2, 2008, Plaintiff loaned Defendant Northwood the principal sum of $5,120,000.00. Defendant Lewis, a manager authorized to act on Defendant Northwood's behalf, executed and delivered a promissory note for the principal sum (Docket No. 1, Exhibit D). An open-end mortgage, assignment of rents, security agreement and fixture filing from Defendant Northwood in favor of Plaintiff was filed in the Wood County Recorder's Office on May 2, 2008 (Docket No. 1, ¶ 16 & Exhibit E). The mortgage granted a lien on certain real property located at 3700 Williston, Northwood, Ohio (Docket No. 42, ¶ 1). Defendant Lewis executed a guarantee that Plaintiff would make prompt payments and perform all conditions of the guarantee agreement (Docket No. 1, Exhibit F).

## IV. PLAINTIFF'S POSITION.

Having failed to pay the installments due under the promissory note, Defendant Northwood is in default of its obligations to Plaintiff (Docket No.1, ¶ 13). As of March 6, 2009, there is currently due on the promissory note, $5,052,763.88 plus interest and late charges in the amount of $45,078.91 (Docket No. 1, ¶ 14). Plaintiff seeks judgment for (1) the principal balance on the note until paid in full plus interest,

costs and attorney fees, (2) a determination that Plaintiff's mortgage is a "good and valid" first subject only to the liens for taxes, penalties and assessments due and owing the Treasurer of Wood County, Ohio, (3) an order permitting foreclosure on the mortgage, (4) an appointment of a receiver to collect the rents, (5) payment on the note and for any deficiency by Defendant Lewis, and (6) an order requiring all Defendants to marshal assets (Docket No. 1, ¶ 14, 17, 18, 20, 21, 26, 27, 30, 31 and p. 7 of 8, ¶s E & F ). Plaintiff seeks to foreclose its mortgage (Docket No. 1, ¶ 18). As to all of these claims, Plaintiff seeks judgment against Defendants Northwood and Lewis jointly and severally and against Defendant Engle in her capacity as Treasurer.

## V. DEFENDANTS NORTHWOOD AND LEWIS' POSITION.

Defendant Northwood entered into the purchase of the space for purposes of leasing the building to the defunct retailer, Steve and Barry's, LLC. Steve and Barry's lease was assigned to Defendant Northwood (Docket No. 42, ¶ 2). Two months after the lease was effectuated, Steve and Barry ceased paying rent and initiated bankruptcy proceedings (Docket No. 42, ¶ 3). Consequently, Defendants Northwood and Lewis admit that Defendant Northwood was in arrears on the installment payments due on the promissory note and that Defendant Lewis executed and delivered the document defined as a guaranty (Docket No. 25, ¶s 16 & 24). On May 14, 2010, the parties agreed to dismiss Defendant Lewis, without prejudice pursuant to FED. R. CIV. P. 41(a)(2) (Docket No. 52).

## VI. DEFENDANT ENGLE'S POSITION.

In her Answer, Defendant Engle advised the Court that there were taxes due on the real estate in an indeterminable amount. Subsequently, Plaintiff and Defendant Engle entered into a stipulation adopted as an order of the Court. The parties agreed that (1) Defendant Engle's lien for real estate taxes due on real property located at 3700 Williston Road, Northwood, Ohio, is paramount to all other liens; (2) there are also

assessments, interest and penalties appurtenant to the real estate taxes; and (3) Plaintiff withdraws its Motion for Summary Judgment as against Defendant Treasurer (Docket Nos. 37 & 41).

### VII. THE RECEIVER'S REPORT.

The Court granted a Motion appointing a receiver to protect the physical state of the property located at 3700 Williston Road, Northwood, Ohio, as well as to manage the property (Docket No. 40). The receiver filed a report on the status of the property for March 4, 2010 through March 31, 2010. The value of the building and the retail fixtures was considered minimal by the receiver. There were no tenants; consequently, there was no income or expenses incurred to maintain the property (Docket No. 53).

On June 29, 2010, the receiver obtained an emergency order of the Court authorizing him to auction the real property by way of a sealed bid and convey the real property to the owner free and clear of any liens, claims and encumbrances. If there are liens or encumbrances against the real property, the liens or encumbrances shall transfer to the proceeds of the sale with the priorities of same subject to marshaling by this Court (Docket No. 55).

### VIII. DISPOSITION OF THE MOTION FOR SUMMARY JUDGMENT.

The Court need not prioritize payment of the real estate taxes as the parties have already stipulated that the Treasurer of Wood County, Ohio is a senior creditor. The Court need not address whether Defendant Lewis is responsible for the deficiency under the terms of the guaranty as he has been dismissed as a party. The Magistrate will, however, determine (1) if Plaintiff is entitled to judgment for the principal balance on the note plus any advancements, (2) whether the mortgage is a good and valid first mortgage subject only to the liens for taxes, penalties and assessments due and owing the Treasurer of Wood County, Ohio, and (3) whether to foreclose on Defendant Northwood's rights in the Williston Road property.

Defendant Northwood claimed that outstanding discovery requests were pending with Plaintiff.

Upon completion of these requests, Defendant Northwood could more accurately assert its defenses. Apparently the requests for discovery were made on February 19, 2010 and the responses were due on March 22, 2010 (Docket No. 43). Defendant Northwood failed to seek an order compelling Plaintiff to comply with its discovery requests. Assuming that Plaintiff complied with the requests, the Magistrate will address the merits of Plaintiff's Motion for Summary Judgment.

### A. MOTION FOR SUMMARY JUDGMENT STANDARD.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Averill v. Gleaner Life Insurance Society*, 626 F. Supp.2d 756, 761 (N. D. Ohio 2009 (*citing Celotex Corporation v. Catrett,* 106 S. Ct. 2548, 2552 (1986)). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* (*citing Celotex*, 106 S. Ct. at 2552-2553). The burden shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (*citing Anderson v. Liberty Lobby, Incorporated,* 106 S. Ct. 2505, 2511 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. *Id*. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Id.* (*citing Matsushita Electric Industrial Company v. Zenith Radio Corporation,* 106 S. Ct. 1348, 1355 (1986)). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of concrete evidentiary material in support of its position. *Id.* (*citing Celotex, supra,* 106 S. Ct. at 2553).

In deciding the motion for summary judgment, the evidence of the non-moving party will be

believed as true, all doubts will be resolved against the non-moving party, all evidence will be construed in the light most favorable to the non-moving party, and all inferences will be drawn in the non-moving party's favor. *Id.* (*citing Eastman Kodak Company v. Image Technical Services, Incorporated,* 112 S. Ct. 2072, 2076 (1992)). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. *Id.* (*citing Celotex, supra,* 106 S. Ct. 2552).

### B. ANALYSIS OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

In Ohio, once a condition of the mortgage is broken, the mortgager has three concurrent remedies: (1) an action on the debt; (2) foreclosure in equity and (3) an action in ejectment. The first issue is whether Plaintiff is entitled to judgment for the principal balance on the note plus any advancements. The Magistrate finds that Plaintiff is entitled to judgment.

#### 1. ACTION ON THE DEBT.

It is well established that a mortgage is a conveyance of property to secure the performance of some obligation, which is designed to become void upon due performance thereof. *Brown v. First National Bank*, 44 Ohio St. 269, 274, 6 N.E. 648 (1886). In Ohio, a mortgage is characterized by statute as a "lien." *See* OHIO REV. CODE § 5301.31, 5301.39 to 5301.41 (Thomson Reuters 2010). A mortgage is usually executed to secure the payment of money, such as an indebtedness; thus, a mortgage may be executed to secure the payment of an account. *Kerr v. Lydecker,* 51 Ohio St. 240, 254, 37 N. E. 267 (1894). The mortgage is typically secured by a promissory note. *Cranberry Financial, L.L.C. v. S & V Partnership*, 186 Ohio App. 3d 275, 277, 927 N. E. 2d 623, 625 (Ohio 2010).

In the instant case, the promissory note stated in pertinent part that it was secured by open-end

mortgage deed covering the real estate described as 3700 Williston Northwood, Wood County, Ohio (Docket No. 1, Exhibit D, ¶ 7). If a default in payment of any installment was made under this note, or in the payment of any sums provided to be paid or in the performance of any covenants or agreements contained in said mortgage deed, Plaintiff had the option to accelerate the payments without notice or demand (Docket No. 1, Exhibit E, § 7.5). According to Frederick Castle, Integra's Vice President, Plaintiff is the current holder and owner of the Defendant Williston's promissory note (Docket No. 35, Exhibit 1, ¶ 8). As such, Plaintiff was entitled to accelerate payment of the entire principal sum and accrued interest if there was a default in the installment payments.

The mortgage loan ledger which contains the loan payment history demonstrates that Defendant Williston made payments from May 2, 2008 through December 2008. After December 2008, Defendant Williston was clearly delinquent in its payments. Plaintiff established an account balance due of $5,103,443.57 at an interest rate of 4.9% with an interest balance of $18,274.30 as of July 1, 2008 (Docket No. 1, Exhibit A to Affidavit, pp. 4 of 18 to 6 of 18). From this point, Defendant Williston was required to produce evidence which created a genuine issue of fact regarding Plaintiff's right to accelerate the loan and foreclose.

Defendant Williston failed to produce evidence to dispute Plaintiff's claim that it had defaulted on the promissory note. In fact, Defendant Williston admitted in its answer, that it did not make certain installments under the note and that Plaintiff accelerated the note (Docket No. 25, ¶ 13). Furthermore, Defendant Williston failed to produce evidence to controvert the principal amount due on the note or the applicable interest. Although the asserted defenses may preclude recovery in a foreclosure action, Defendant Williston failed to produce evidence that Plaintiff's claims are barred by doctrines of lack of standing, setoff, unclean hands, recoupment or other defenses against payment. When the evidence is

viewed in a light most favorable to non-moving party as required by FED. R. CIV. P. 56(C), the sum of $5,103,443.57 at an interest rate of 4.9% with an interest balance of $18,274.30 as of July 1, 2008 has accrued $5,052,763.88 plus interest and late charges in the amount of $45,078.91 as of March 6, 2009 (Docket No. 1, ¶ 14). Defendant Williston failed to create a genuine issue of material fact regarding the appropriateness of the promissory note or the amount due pursuant to the note. Accordingly, the Magistrate recommends that the Court grant Plaintiff judgment against Defendant Williston for $5,052,763.88 plus interest and late charges in the amount of $45,078.91 as of March 6, 2009 and applicable statutory interest plus an additional 3% per annum, not to exceed the maximum legal rate from March 6, 2009 until the debt is paid in full (Docket No. 1, Exhibit 4, p. 4 of 10).

Plaintiff seeks a correlative right to an award of any funds advanced to Defendant Williston or on its behalf to maintain the property pending foreclosure. Under the terms of the mortgage, the security instrument secured unpaid balances of loan advances or future advances made after the security instrument was executed (Docket No. 1, Exhibit 5, p. 4 of 32, Article III). The obligation secured includes any amounts advanced for the protection of the mortgaged property to the same extent as if the future obligations and advances were made on the date of the execution of the security instrument (Docket No. 1, Exhibit 5, p. 4 of 32, Article IV). Specifically, Defendant Williston granted Plaintiff a security interest in all advances extended to secure the property. The Magistrate finds that Plaintiff is entitled to judgment for those advances. The exact amount of this judgment will be ascertained on the date of the transfer of the deed.

### 2. FORECLOSURE IN EQUITY.

Upon a borrower's default, a lender is entitled to initiate foreclosure proceedings, to be paid in full and to sever the relationship with the defaulting party. *Bank of New York v. Dobbs*, 2009 WL 2894601 * 7 (2009). Foreclosure, a legal process guided by common law and statute, affords a number of mechanisms

and processes intended as legal protection for the debtor. *Wilborn v. Bank One Corporation*, 121 Ohio St.3d 546, 550, 906 N.E.2d 396, 402 (2009) (citations omitted). One such legal protection is the right of redemption, an absolute right that allows the defaulting borrower to redeem the property even after its public sale (but before confirmation) and to thereby terminate the lender's foreclosure proceedings. *Id.* (*citing* KUEHNLE & LEVEY, BALDWIN'S OHIO REAL ESTATE Law (2008), Section 33:4; OHIO REV. CODE § 2329.33; *Hausman v. Dayton,* 73 Ohio St.3d 671, 676, 653 N.E.2d 1190 (1995). The statutory and common-law nature of foreclosure proceedings and of the right of redemption results in a system of "checks and balances" for the borrower and lender. *Id.*

The Magistrate finds that based on the foregoing, the provisions in the mortgage give Plaintiff the right to initiate foreclosure proceedings on the defaulted loan. This enforcement of a debt obligation is subject to Defendant Williston's right of redemption prior to confirmation of sale.

### 3. EJECTMENT.

A necessary portion of the foreclosure proceeding requires that Plaintiff possess the property located at 3700 Williston Road, Northwood, Ohio.

A writ of possession historically has been the writ that gives "a successful ejectment-action plaintiff the possession of the recovered land." *Gvozdanovic v. Woodford Corporation*, 139 Ohio App.3d 11, 35-36, 742 N.E.2d 1145, 1162 (2000). Under the writ, the sheriff is ordered to remove the defendant and his or her personal property from the property recovered in ejectment. *Id.* at 1162-1163 (*citing* BLACK'S LAW DICTIONARY, 716 (7th Ed. 1999)). This means that the purchaser of real property at a judicial sale may obtain actual possession where a party to the foreclosure proceeding refuses to vacate voluntarily. *Bank One, Cincinnati v. Wait,* 110 Ohio App. 3d 460, 465, 674 N. E. 2d 752, (1996). The sheriff has a duty to deliver actual and exclusive possession to the purchaser, even where such delivery requires forcible removal

9

by the occupant. *Id.*

The receiver has indicated that there are no tenants in the real property and that he is in possession of the property. The Magistrate recommends that the Court issue a writ of possession, if necessary, so that Plaintiff can convey the premises to the purchaser.

### 4. GENERAL LIEN PRIORITY.

Plaintiff contends that the mortgage is a valid and subsisting first mortgage on the subject property, junior only to the Treasurer's right to secure payment of real estate taxes.

OHIO REV. CODE § 5301.23 sets forth the general rule that the seniority of liens is usually determined by the chronological order in which the liens or mortgages are recorded. However, the legislature has created statutory liens and established their priority. Ohio law is quite clear. The State of Ohio shall have the first lien on the lands and lots described in the delinquent land list, for the amount of taxes, assessments, interest, and penalty charged prior to the delivery of such lists. OHIO REV. CODE § 5721.10 (Thomson Reuters 2010).

Plaintiff concedes that the liens of the State of Ohio have priority. Defendant Williston has presented no reason to treat the competing tax liens differently than specified in the statute. The Magistrate finds that the state tax lien takes priority over the mortgage. Upon sale of the real property, the distribution scheme shall consist of satisfying the debts associated with the (1) appointment of the receiver, (2) payment of the receiver's expenses in maintaining and selling the property, (3) state tax liens, (4) the mortgage and (5) any advances made by Plaintiff to maintain the property that are not duplicative of the debts sustained by the receiver.

## VIV. CONCLUSION.

For the foregoing reasons, the Magistrate recommends that the Court grant the Plaintiff's Motion for Summary Judgment and that the Court terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:  August 17, 2010

## X. NOTICE.

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court

upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.